UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GLENNA GODWIN | ) | |
| | ) | |
| v. | ) | No. 3:04-00606 |
| | ) | JUDGE CAMPBELL |
| JOHN E. POTTER, | ) | |
| Postmaster General, United States | ) | |
| Postal Service | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is the Defendant's Motion To Partially Dismiss Plaintiff's Amended Complaint (Docket No. 51). For the reasons set forth below, Defendant's Motion is GRANTED in part, and DENIED in part. Plaintiff's claims relating to events occurring prior to May, 2002 are DISMISSED.

This case is returned to the Magistrate Judge for further customized case management.

II. Factual and Procedural Background

In her Amended Complaint, Plaintiff raises claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") for sexual harassment, hostile work environment, and retaliation. (Docket No. 47). The time period covered by the allegations in the Amended Complaint starts in March, 1999 and extends to January, 2005. (Id.)

III. Analysis

A. Standards Governing Motions to Dismiss

In considering a motion to dismiss, the court is to "'construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the

plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'" Andrews v. State of Ohio, 104 F.3d 803, 806 (6th Cir. 1997)(quoting In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993)).

The pending motion relies on charges filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (See Attachments B, C and D to Defendant's Rebuttal Brief (Docket No. 58)). As a general rule, matters outside the pleadings may not be considered in resolving a Rule 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Rule 56. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003); Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999), abrogated on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). There are, however, exceptions to the general rule. Id. For example, documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Id.

In her Amended Complaint, Plaintiff refers to having filed complaints with the EEOC prior to bringing suit.[1] Thus, the Court may consider these documents in resolving the pending motion to dismiss. See Amini v. Oberlin College, 259 F.3d 493, 502-03 (6th Cir. 2001)(District court should have considered EEOC charges in resolving motion to dismiss).

B. Exhaustion

In the pending motion, the Defendant seeks dismissal of all factual allegations regarding incidents that occurred prior to May, 2002 because Plaintiff failed to raise these allegations in

---

[1] The court notes that Plaintiff does not object to consideration of the charges in resolving the pending motion to dismiss.

2

her EEOC charges. Defendant also argues that Plaintiff's "sexual harassment" claim should be dismissed because the allegations in her EEOC charges related to a "hostile work environment" theory of discrimination. Plaintiff contends that the claims in her Amended Complaint were sufficiently raised in her EEOC charges.

Federal employees, like the Plaintiff, are required to exhaust their administrative remedies as a precondition to asserting Title VII claims in federal court. Brown v. General Services Admin., 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004); Hall v. U.S. Postal Service, 857 F.2d 1073, 1078 n.4 (6th Cir. 1988). This exhaustion requirement puts the employer on notice of the charges against it, and affords the EEOC an opportunity to investigate and settle the dispute. Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998)(quoting 29 C.F.R. § 1601.12(b)).

The charge is sufficient if it contains "'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Id. Where a Title VII claimant is not represented by an attorney in drafting the charge, a broader reading of the charge is required. Tisdale v. Federal Express Corp., 415 F.3d 516, 527 (6th Cir. 2005); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 832 (6th Cir. 1999).

In this case, the Plaintiff filed three EEOC complaints, dated December 8, 2002, October 11, 2003, and December 13, 2003, respectively. (See Attachments B, C and D to Defendant's Rebuttal Brief (Docket No. 58)). Plaintiff also attached additional statements and exhibits to her EEOC complaints. (Id.) Defendant's former counsel notified the EEOC of his representation of Plaintiff on November 3, 2003. (See Attachment A to Defendant's Rebuttal Brief (Docket No.

3

58)). Therefore, at least according to the written record, Plaintiff was unrepresented when her first and second complaints were filed, but had retained counsel prior to the filing of her third complaint.

The EEOC complaint forms in question have a section titled: "Date on Which Alleged Act(s) of Discrimination Took Place." In her first complaint, Plaintiff wrote in this section: "May, June, July, August & September of 2002 – I found out about on Oct. 30th." (Attachment B to Defendant's Rebuttal Brief). In the second complaint, Plaintiff wrote: "Retaliation -- on June 9th R. Koch Put My Life In Danger – On Sept 17th R. Koch Harasses Me Again." (Attachment C to Defendant's Rebuttal Brief). In the third complaint, Plaintiff wrote: "October 30th, 2003." (Attachment D to Defendant's Rebuttal Brief).

The earliest date listed on Plaintiff's complaints for her discrimination allegations is May 2002. Plaintiff points out, however, that she stated in another section of the complaint she filed on December 13, 2003: "Rich Koch has discriminated against the female sex since he became my boss in Aug (sic) of 99." (Attachment D to Defendant's Rebuttal Brief). Similarly, Plaintiff states on the second page of the complaint: "I have endured Rick Koch's female discrimination for 4 ½ years. . ." (Id.) Plaintiff argues that these two statements were sufficient to place the EEOC on notice that she was alleging discrimination since 1999.

The Court is not persuaded that these two conclusory sentences in Plaintiff's multi-page complaints sufficiently put the EEOC on notice of Plaintiff's pre-May, 2002 claims given that she listed the earliest act of discrimination as May, 1999 in the section specifically devoted to this question. Moreover, the typewritten attachments to the complaints do not include discrimination allegations involving events occurring prior to May, 2002. In addition, Plaintiff

4

did not include pre-May, 2002 allegations in the complaint she filed after retaining counsel in November, 2003. Thus, the Court concludes that Plaintiff's allegations relating to events occurring prior to May, 2002 have not been exhausted, and are dismissed.

As stated above, Defendant also argues that Plaintiff's EEOC complaints raised only a hostile working environment theory of discrimination and that any claims of sexual harassment should be dismissed as unexhausted. As the Supreme Court discussed in <u>Burlington Industries, Inc., v. Ellerth</u>, 524 U.S. 742, 118 S.Ct. 2257, 2265, 141 L.Ed.2d 633 (1998), characterizing allegations in supervisor harassment cases as "hostile work environment" or "quid pro quo sexual harassment" is useful only to illustrate the evidentiary distinction between cases "involving a threat which is carried out and offensive conduct in general. . . " When a plaintiff "proves that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands, he or she establishes that the employment decision itself constitutes a change in the terms and conditions of employment that is actionable under Title VII." 118 S.Ct. at 2265. For any sexual harassment claim involving "only unfulfilled threats, it should be categorized as a hostile work environment claim which requires a showing of severe or pervasive conduct." <u>Id.</u>

The EEOC complaint forms have a section titled: "Type of Discrimination You Are Alleging" that lists six different types of discrimination. "Sex" [discrimination] is listed on the form but neither "hostile work environment" nor "sexual harassment" appear there. In her first complaint, Plaintiff marked the box for "Sex" and wrote in the word "female." (Attachment B to Defendant's Rebuttal Brief). In this section of the complaint, Plaintiff also wrote the words "Sexual Discrimination & Falsifying Documents." (<u>Id.</u>) In the second complaint, Plaintiff marked the box for "Retaliation" and wrote the words "against Rick Koch." (Attachment C to

5

Defendant's Rebuttal Brief). In her last complaint, Plaintiff marked the box for "Sex" and "Retaliation," and wrote the words "the 2 male PTFs were able to go home while I was made to stay O. time and do deposit." (Id.)

The Court is not persuaded that exhaustion bars Plaintiff's sexual harassment claim. Plaintiff obviously checked the appropriate blank on the form for raising a sexual harassment claim. The EEOC investigation process does not require a complainant to go further and elect the specific theory of sexual discrimination -- hostile work environment or sexual harassment -- that fits the alleged facts.[2] Accordingly, the Court concludes that Plaintiff is not barred from raising a sexual harassment theory of sex discrimination in this case. The Court expresses no opinion on whether the allegations contained in the Amended Complaint fit the particular theory of discrimination alleged.

## IV. Conclusion

For the reasons set forth herein, the Defendant's Motion to Partially Dismiss is granted in part and denied in part.

It is so ORDERED.

                                                            *Todd Campbell*
                                                       TODD J. CAMPBELL
                                                       UNITED STATES DISTRICT JUDGE

---

[2] As to the exhaustion of specific allegations, Defendant concedes that Plaintiff has exhausted a potential "sexual harassment" allegation relating to Plaintiff's supervisor suggesting she was having an affair with another supervisor. (Defendant's Rebuttal Brief, at 3 (Docket No. 58)). The Defendant has not identified any other specific allegations, relating to incidents occurring after May, 2002, that he claims were not raised on the administrative level. The Defendant may, of course, raise an exhaustion defense to specific allegations in any summary judgment motion he files.